1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    LASHAUNDA M. MCDANIEL,                    Case No.   12-cv-05944-JSC

          Plaintiff,

8

9       v.                                     **NOTICE TO PLAINTIFF REGARDING
                                               SUMMARY JUDGMENT MOTIONS
10   PATRICK R. DONAHOE, et al.,                AND ORDER SETTING SUMMARY
                                               JUDGMENT BRIEFING SCHEDULE**
          Defendants.

11

12

13          Defendant in this case may file a motion for summary judgment under Rule 56 of the

14   Federal Rules of Civil Procedure.  This notice is written to explain to the pro se plaintiff how the

15   summary judgment process works and the consequences if a summary judgment motion is granted

16   in the defendant's favor.  *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

17          A motion for summary judgment provides a procedure for terminating an action without

18   trial if "there is no genuine issue as to any material fact and . . . the moving party is entitled to

19   judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the

20   outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a

21   material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for

22   the party opposing the motion for summary judgment.  *Id.*

23          The party filing the motion for summary judgment is called the "moving party"; the party

24   opposing the motion is called the "opposing party."  The moving party bears the initial burden of

25   identifying those portions of the pleadings, discovery and affidavits which demonstrate the

26   absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

27   Where the moving party will have the burden of proof on an issue at trial, it must affirmatively

28   demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an

United States District Court
Northern District of California

United States District Court
Northern District of California

1    issue for which the opposing party will have the burden of proof at trial, the moving party need

2    only point out that there is an absence of evidence to support the opposing party's case. *Id.*

3        Once the moving party meets its initial burden, the opposing party may not rest upon the

4    allegations or denials of unverified pleadings, but must file an opposition setting forth specific

5    facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The facts relied upon

6    must be admissible under rules governing admission of evidence generally, and must be presented

7    in items such as: (1) declarations based on personal knowledge, accompanied by sworn or certified

8    copies of all documents referred to in the declaration,[1] *id.*; (2) discovery documents, such as

9    answers to deposition questions, answers to interrogatories or answers to requests for admissions,

10    that have been properly authenticated by a declaration by someone with personal knowledge of the

11    documents' accuracy, Fed. R. Civ. P. 56(c); (3) verified complaints that meet the requirements of

12    Rule 56(e)—that is, complaints containing factual assertions that are within the pleader's personal

13    knowledge and are otherwise admissible evidence, *see Schroeder v. McDonald*, 55 F.3d 454,460

14    (9th Cir. 1995); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996). The evidence

15    presented on each claim must not only be admissible, but also must be sufficient for a jury to

16    reasonably return a verdict for the opposing party. *Anderson*, 477 U.S. at 249. If the opposing

17    party fails to contradict the moving party with declarations or other evidence, the moving party's

18    evidence may be taken as the truth.

19        It is not the district court's job to search the record for a genuine issue of triable fact.

20    *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The opposing party has the burden of

21    identifying with reasonable particularity the evidence that precludes summary judgment. *Id.*

22        If the moving party has met its burden of proof and the opposing party fails to set forth

23    specific facts showing that there is a genuine issue for trial, then "the moving party is entitled to

24

---

25

26

27

28

[1] A declaration is a statement of facts which are personally known to the person making the declaration. The facts in a declaration must be admissible in evidence, i.e., evidentiary facts and not conclusions or argument. The declaration must show affirmatively that the person making the declaration is competent to testify to the matters stated therein and contain no inadmissible hearsay or opinions. A declaration must be made under penalty of perjury, i.e., it must be signed at the end after the statement "I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on [date]."

United States District Court
Northern District of California

1  judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.  A successful motion for summary

2  judgment terminates the action without trial, and will result in a final judgment on the merits.

3        Following the Case Management Conference held on February 27, 2014, the Court sets the

4  following schedule for Defendant's motion for summary judgment:

5        Motion due by:               April 4, 2014

6        Opposition due by:       May 9, 2014

7        Reply due by:              May 20, 2014

8        Hearing on the motion:    June 19, 2014 at 9:00 a.m.

9

10        **IT IS SO ORDERED.**

11

12  Dated: March 3, 2014

13  _____

14  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28