UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAUNDA M. MCDANIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK R. DONAHOE, et al.,<br><br>        Defendants. | Case No. 12-cv-05944-JSC<br><br>**ORDER DENYING COSTS**<br><br>Re: Dkt. No. 80 |

The Court previously granted summary judgment in favor of Defendant Patrick R. Donahue, Postmaster General of the United States Postal Service, and against pro se Plaintiff LaShaunda McDaniel. (Dkt. No. 78.) Defendant subsequently filed a Bill of Costs for $2,645 against Plaintiff, who was previously granted leave to proceed in forma pauperis due to her limited financial resources. Plaintiff has filed an objection to Defendant's Bill of Costs. (Dkt. No. 82.)

Federal Rule of Civil Procedure 54(d)(1) provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Thus, "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). It is incumbent upon the non-prevailing party to demonstrate why costs should be denied. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The Ninth Circuit has approved the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." *Champion Produce, Inc.*, 342 F.3d at 1022.

Plaintiff's objection to the Bill Costs explains that, although employed, Plaintiff earns an

average of only $1,000 a month.  Further, Plaintiff's costs of living, including childcare, exceed her monthly earnings.  In addition to forcing Plaintiff to make potentially devastating cuts to her family's monthly budget, requiring Plaintiff to pay nearly three months of wages would constitute a "high cost" that would likely cause a chilling effect on future civil rights litigants.  *Champion Produce, Inc.*, 342 F.3d at 1022.  The Court accordingly DENIES Defendant's request for costs.

**IT IS SO ORDERED**.

Dated: October 22, 2014

                                                          _____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge